# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. NOTTINGHAM, | No. 4:19-CV-00595 |
| Plaintiff, | (Judge Brann) |
| v. | (Magistrate Judge Arbuckle) |
| LAUREL HARRY, *et al.*, | |
| Defendants. | |

## ORDER

### OCTOBER 3, 2019

Plaintiff filed the instant action on April 5, 2019, and it was jointly assigned to the undersigned and to Magistrate Judge William I. Arbuckle. Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[1] Once filed, this report and recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[2] This order both adopts in full Magistrate Judge Arbuckle's August 12, 2019 report and recommendation, to which Plaintiff raised no objections,[3] and denies Plaintiff's self-styled motion to amend his complaint.[4]

---

[1] 28 U.S.C. 636(b)(1)(B).

[2] 28 U.S.C. 636(b)(1).

[3] *See* ECF No. 22.

[4] *See* ECF Nos. 23 and 24.

On August 12, 2019, Magistrate Judge Arbuckle issued a thorough report and recommendation. Magistrate Judge Arbuckle recommended that this Court dismiss several of Plaintiff's claims but allow Plaintiff's Fourth Amendment excessive force claim against defendants Jason Cooley and Blake Brown to proceed.[5]

No objections to the report and recommendation have been filed. For portions of the report and recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[6] Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[7]

Because I write solely for the parties, I will not restate the facts, but will instead adopt the recitation of facts as set forth by the magistrate judge. I have conducted a de novo review of Magistrate Judge Arbuckle's Report and Recommendation and found no error. The Court adopts the Report and Recommendation in full.

On August 22, 2019, Plaintiff submitted a self-styled motion to amend his complaint.[8] In this motion, Plaintiff moves the Court for leave to make a habeas

---

[5] *See* ECF No. 22.

[6] Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (*citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)).

[7] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

[8] *See* ECF No. 23. Plaintiff followed up on September 9 with a supplement to his motion to amend. *See* ECF No. 24.

corpus petition under 28 U.S.C. § 2254.[9] Plaintiff appears to argue, in part, that his Pennsylvania state court conviction should be overturned because the Pennsylvania authorities never properly served Plaintiff with process.[10]

Title 28 U.S.C. § 2244 provides that before a petitioner seeking habeas corpus relief from a state court judgment under 28 U.S.C. § 2254 for a second time files their "second or successive application," they must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." Here, Plaintiff has already made one application for habeas corpus relief [before this Court] under 28 U.S.C. § 2254.[11] Review of the case filing records of the United States Court of Appeals for the Third Circuit indicates that Plaintiff has not petitioned that court for the prerequisite authorizing order. The Court must therefore dismiss Plaintiff's motion to amend. Given this dismissal, the Court also dismisses Plaintiff's September 16, 2019 proposed amended complaint[12] as moot.

**AND NOW, IT IS HEREBY ORDERED** that:

1. United States Magistrate Judge William I. Arbuckle's August 12, 2019 Report and Recommendation, ECF No. 22, is **ADOPTED in full**.

2. Plaintiff's § 1983 claims against Defendants Butts and Gray are dismissed with prejudice.

---

[9] *See* ECF No. 23 at ¶ 2.

[10] *See* ECF No. 23 at ¶ 6.

[11] *See* Petition for Writ of Habeas Corpus, *Nottingham v. Gray et al.*, No. 4:18-cv-02002 (E.D.Pa. Oct. 16, 2018), ECF No. 1.

[12] *See* ECF No. 26.

3. Plaintiff's § 1983 claims against Defendants Welickovitch, Drier, J. Smith, S. Smith, Renner, Markley, Reitz, and Kilgus are dismissed with prejudice.

4. Plaintiff's § 1983 claims against Defendants Harry and Simpler are dismissed without prejudice.

5. Plaintiff's Fourteenth Amendment due process claim against Defendants Cooley and Jones for fabrication of evidence is dismissed with prejudice.

6. Plaintiff's Fourth Amendment excessive force claim against Defendants Cooley and Brown may proceed. Plaintiff is instructed to serve his complaint upon Defendants Cooley and Brown only.

7. Plaintiff's Motion to Amend, ECF No. 23, is denied.

8. Plaintiff's Proposed Amended Complaint, ECF No. 26, is dismissed as moot.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge