UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. NOTTINGHAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JASON COOLEY, et al.,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 4:19-CV-00595<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM OPINION**

Plaintiff James E. Nottingham brings this civil rights action, pursuant to 42 U.S.C. § 1983, asserting claims against Jason Cooley and Blake Brown ("Defendants"), both troopers with the Pennsylvania State Police. (Doc. 1, at 3).[1] Nottingham alleges that Cooley and Brown used excessive force in effectuating Nottingham's arrest. (Doc. 1, at 10-18). Presently before the Court are three motions: (1) Nottingham's Motion for Summary Judgment; (2) Nottingham's Motion for Default Judgment; and (3) Defendants' Motion to Dismiss. (Doc. 33; Doc. 39; Doc. 37).

For the reasons that follow, Defendants' Motion to Dismiss shall be granted, rendering Nottingham's motions moot.

**I.　BACKGROUND**

Nottingham's allegations against Defendants Cooley and Brown arise from an alleged physical altercation between Nottingham and two of his houseguests after he decided to show

---

[1] The Court notes that Nottingham's Proposed Amended Complaint filed on September 16, 2019, has been dismissed as moot. (Doc. 28, at 4). Nottingham's original Complaint filed on April 5, 2019, remains effective. (Doc. 1). On October 3, 2019, all claims were dismissed except those against Defendants Cooley and Brown. (Doc. 28). As such, this memorandum addresses only Nottingham's allegations against Cooley and Brown.

them a firearm he owned. (Doc. 1, at 4-9). After the altercation, Defendants were called to Nottingham's home, where Nottingham greeted them outside. (Doc. 1, at 10). After being told there were others in the home, Defendants restrained Nottingham and Defendant Cooley entered the home for one to two minutes. (Doc. 1, at 11). Upon exiting the home, Cooley allegedly "ran down the driveway, jumped on top of me, his knee implanted into my chest as he punched me a couple of times as Brown held the cuffs enabling me of any movement." (Doc. 1, at 11). After digging his "jagged" thump into Nottingham's wrist, Nottingham "told officer Cooley, my friend was in the woods and a red dot was on his neck, to get him to stop inflicting excruciating pain on me." (Doc. 1, at 12). Defendants then transported Nottingham to the Montoursville State Police Station where, while Nottingham was handcuffed, they both allegedly tackled Nottingham, strangled him until he was unconscious, attempted to pull his finger nail off of his finger, and applied handcuffs too tightly. (Doc. 1, at 13-18).

Based on these allegations, this Court determined that Nottingham sufficiently alleged an excessive force claim against Defendants. (Doc. 22, at 22). Excessive force claims arising out of an arrest are analyzed under the Fourth Amendment. See *Grahm v. Connor*, 490 U.S. 386 (1989). Defendants filed their Motion to Dismiss and Brief in Support on December 19, 2019, with Nottingham filing his Brief in Opposition on January 10, 2020. (Doc. 37; Doc. 38; Doc. 42).

II. **DISCUSSION**

    A. **LEGAL STANDARDS**

Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), continuing with our opinion in Phillips [v. Cnty of Allegheny, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209–10 (3d Cir. 2009).

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). In order to state a valid cause of action, a plaintiff must provide some factual ground for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). When it comes to the factual grounds, however, a court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox, Rothschild, O'Brien &

*Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the FEDERAL RULES OF CIVIL PROCEDURE, which defines what a complaint should contain:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Indeed, Fed. R. Civ. P. 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

B. THE STATUTE OF LIMITATIONS BARS NOTTINGHAM'S CLAIMS

Defendants now submit that Nottingham did not file his claims within the time afforded by the relevant statute of limitations, so they should be dismissed. (Doc. 38, at 4-5). Federal courts apply the state personal injury statute of limitations in § 1983 actions. *See Owens v. Okure*, 488 U.S. 235, 250 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). As relevant here, Pennsylvania's statute of limitations for personal injury actions is two years. 42 Pa. C.S.A. § 5524; *Little v. Lycoming Cty.*, 912 F. Supp. 809, 814 (M.D. Pa. 1996). The question of when a cause of action accrues, however, is a question of federal law. *Sabella v. Troutner*, 2006 WL 229053, at *3 (M.D. Pa. 2006) (citing *Smith v. Wambaugh*, 887 F. Supp. 752, 755 (M.D. Pa. 1995) *aff'd*, 87 F.3d 108 (3d Cir. 1996)). "[U]nder federal law… 'the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action.'" *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) (quoting *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)).

According to Nottingham's Complaint, he and his houseguests arrived at his residence at 12:27 AM on July 13, 2015. (Doc. 1, at 6). The subsequent altercation and incident with the Defendants occurred later that same day: July 13, 2015. (Doc. 1, at 7-18). All of Nottingham's alleged injuries were inflicted on July 13, 2015. (Doc. 1, at 7-18). As such, the limitations period began to run on July 13, 2015. *See Montgomery*, 159 F.3d at 126.[2] Nottingham filed his initial complaint arising from the injuries inflicted by Defendants on April 5, 2019. (Doc. 1). The time between July 13, 2015, and April 5, 2019, is three years,

---

[2] Nottingham asserts that the limitations period was to begin on September 11, 2018, which is the date his appeal of his criminal charges was decided. (Doc. 42, at 1) citing (Doc. 38-1, at 2). As discussed *supra*, the limitations period began when Nottingham knew or had reason to know of the injury forming the basis of his Complaint against Defendants Cooley and Brown. *See Montgomery*, 159 F.3d at 126.

eight months, and twenty-three days. Because Nottingham waited more than two years to file this action, Pennsylvania's statute of limitations bars his claims. 42 Pa. C.S.A. § 5524; *see Owens*, 488 U.S. at 250.[3]

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED.** (Doc. 37). Plaintiff's Motion for Summary Judgment and his Motion for Default Judgment are **DENIED AS MOOT**. (Doc. 33; Doc. 39).

An appropriate Order will follow.

**Dated: July 6, 2020**              *s/ Karoline Mehalchick*
                                     **KAROLINE MEHALCHICK**
                                     **United States Magistrate Judge**

---

[3] Because Nottingham's claims are barred by the statute of limitations, all remaining motions will be dismissed as moot.