UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. NOTTINGHAM,<br><br>               Plaintiff<br>  v.<br>JASON COOLEY, et al,<br><br>               Defendants. | CIVIL ACTION NO. 4:19-CV-00595<br><br>(MEHALCHICK, M.J.) |

### MEMORANDUM

Before the Court is *pro se* prisoner-Plaintiff James E. Nottingham ("Nottingham")'s motion to strike (Doc. 65), petition to open default judgment (Doc. 66), motion for relief from judgment (Doc. 67), petition to strike Defendants' default judgment (Doc. 68), and motion to strike default judgment (Doc. 69). This is a *pro se* civil rights action, initiated by the filing of a complaint pursuant to 42 U.S.C. § 1983 on April 5, 2019, seeking relief for alleged excessive force used by Defendants in effectuating his arrest. (Doc. 1). On July 6, 2020, the Court dismissed Nottingham's claims and closed this matter. (Doc. 48, Doc. 49). On April 9, 2021, the United States Court of Appeals for the Third Circuit dismissed Nottingham's notice of appeal for lack of appellate jurisdiction. (Doc. 59). For the following reasons, Nottingham's motions shall be denied. (Doc. 65; Doc. 66; Doc. 67; Doc. 68; Doc. 69).

I.    **BACKGROUND AND PROCEDURAL HISTORY**

Nottingham filed his complaint on April 5, 2019, asserting, what the Court interpreted to be, Fourteenth Amendment due process and Fourth Amendment excessive force claims.[1]

---

[1] In Nottingham's complaint, he names Defendants Laurel Harry, Nancy Butts, Richard A. Gray, Matthew Welickovitch, Dance Drier, Jason Cooley, Blake Brown, William Jones, Janet Smith, Stephanie Smith, Brandon Renner, Thomas Markley, Michael Simpler, Timothy Reitz, and Mary Kilgus (collectively, "Defendants"). (Doc. 1).

(Doc. 1; Doc. 22, at 9). Nottingham's claims arose from his arrest after he became involved in a physical altercation with two of his houseguests on July 12, 2015. (Doc. 1, at 4-9, 11-18). On October 3, 2019, the Court dismissed all of Nottingham's claims other than the ones against Defendants Cooley and Brown for excessive force. (Doc. 22, at 24; Doc. 28, at 2). On July 6, 2020, the Court granted Defendants' motion to dismiss and closed the case, finding that Nottingham's claims were barred under Pennsylvania's statute of limitations. (Doc. 48, at 5-6; Doc. 49). On September 28, 2020, Nottingham filed an appeal to the Third Circuit, which was denied on April 9, 2021, for lack of appellate jurisdiction as Nottingham's appeal was untimely. (Doc. 55; Doc. 59). Subsequently, Nottingham filed the instant motions and requests for relief. (Doc. 65; Doc. 66; Doc. 67; Doc. 68; Doc. 69).

## II. DISCUSSION

### A. MOTION TO STRIKE

On September 13, 2021, Nottingham filed the motion to strike Defendants' motion to dismiss and brief in support, arguing that the filings are "wholly frivolous" and "submitted in acts of bad faith as fraudulent misconduct and misrepresentation." (Doc. 65, at 1). The Court will construe this motion as having been brought pursuant to Federal Rule of Civil Procedure 12(f). Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Thus, by its plain language, Rule 12(f) only reaches matter contained in a "pleading." Rule 7(a) enumerates the pleadings permitted in federal civil practice:

> (a) PLEADINGS. Only these pleadings are allowed:
>    (1) a complaint;
>    (2) an answer to a complaint;
>    (3) an answer to a counterclaim designated as a counterclaim;
>    (4) an answer to a crossclaim;
>    (5) a third-party complaint;

>   (6) an answer to a third-party complaint; and
>   (7) if the court orders one, a reply to an answer.

Fed. R. Civ. P. 7(a).

Because a motion to dismiss does not fall within any of these categories, the plain language of Rule 12(f) does not support striking Defendants' motion to dismiss or brief in support. Accordingly, Nottingham's motion to strike is DENIED. (Doc. 65).

   B.  REQUESTS FOR RELIEF FROM JUDGMENT

Nottingham has filed multiple pleadings that request relief from judgment that the Court will now address simultaneously. First, Nottingham filed a "petition to open default judgment," requesting relief from judgment for: (1) "Violation of not being Mirandized under the Fifth Amendment in which the 911 call has been unsubstantiated;" and (2) "Insufficient service of process as [Nottingham] never received notice of any of the proceedings from the Commonwealth within the 120 day statute of limitation rendering the Commonwealth Court powerless to enter judgment." (Doc. 66, at 1). Second, Nottingham filed a motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1655, "for not being Mirandized and on the basis of insufficient service of process." (Doc. 67, at 1). Next, on September 13, 2021, Nottingham filed a motion to strike Defendants' default judgment "for the lack of probable cause" and insufficient service. (Doc. 68, at 1). Lastly, Nottingham filed a "motion to strike default judgment" for lack of jurisdiction, requesting relief "for a fatal defect in the judgment for clear error of law and manifest abuse of discretion for insufficient service of process as admitted by the Commonwealth of Pennsylvania Attorney General." (Doc. 69, at 1).

In support of his requests, Nottingham attaches a letter dated December 28, 2021, from the Office of Attorney General addressed to the Clerk of Court for the Third Circuit, regarding

civil action: *Nottingham v. Attorney General of Pennsylvania*, No. 21-CV-3298 (3d Cir. *filed* Dec. 17, 2021). (Doc. 69-1, at 1). The originating District Court case for this appeal is a different civil action in the Middle District before Justice Connor: *Nottingham v. Shapiro,* No. 1:21-CV-00396 (M.D. Pa. *filed* Mar. 3, 2021). In that case, Nottingham filed a § 1983 complaint seeking monetary damages for civil rights violations in connection to an alleged pattern of police, prosecutorial, and judicial misconduct. *Nottingham v. Shapiro,* No. 1:21-CV-00396 (M.D. Pa. Mar. 3, 2021), ECF No. 1. Judge Connor dismissed the action without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Nottingham v. Shapiro,* No. 1:21-CV-00396 (M.D. Pa. Nov. 19, 2021), ECF No. 58. In addition, Nottingham also attaches a docket report from a criminal matter before the Court of Common Pleas of Lycoming County: *Commonwealth v. Nottingham*, No. CP-41-CR-0001190-2015 (Lycoming Cnty. Ct. Com. Pl.). (Doc. 69-1, at 4).

Construing Nottingham's pleadings liberally, it appears that the instant filings do not challenge the Court's dismissal of this action. Instead, Nottingham appears to argue, in part, that his Pennsylvania state court conviction should be overturned for failure to properly Mirandize him and insufficient service of process. (Doc. 66, at 1; Doc. 67, at 1; Doc. 68, at 1; Doc. 69, at 1). Title 28 U.S.C. § 2244 provides that before a petitioner seeking habeas corpus relief from a state court judgment under 28 U.S.C. § 2254 for a second time files their "second or successive application," they must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See Tyler v. Cain*, 533 U.S. 656 (2001). Here, Nottingham has already made one application for habeas corpus relief in this Circuit under 28 U.S.C. § 2254. *See Nottingham v. Gray*, No. 4:18-CV-02002 (M.D. Pa. *filed* Oct. 16, 2018). A review of the United States Court of Appeals for the Third Circuit filing

records reveals no pending 28 U.S.C. § 2244(b)(3) motions for leave to file a second or successive § 2254 petition, nor has the Third Circuit previously granted any such motion filed by Nottingham. Because Nottingham has not obtained authorization to file a second or successive § 2254 petition, Nottingham's requests from relief from judgment and **DENIED**. (Doc. 66; Doc. 67; Doc. 68; Doc. 69).

    III.    **CONCLUSION**

For the foregoing reasons, Nottingham's motion to strike is **DENIED**. (Doc. 65). In addition, Nottingham's petition to open default judgment, motion for relief from judgment, petition to strike Defendants' default judgment, and motion to strike default judgment are **DENIED**. (Doc. 66; Doc. 67; Doc. 68; Doc. 69).

An appropriate Order follows.

Dated: May 6, 2022                                                          *s/ Karoline Mehalchick*
                                                                             **KAROLINE MEHALCHICK**
                                                                             **Chief United States Magistrate Judge**