## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JAMES E. NOTTINGHAM,

                Plaintiff

   v.

JASON COOLEY, et al,

                Defendants.

CIVIL ACTION NO. 4:19-CV-00595

(MEHALCHICK, M.J.)

## MEMORANDUM

Before the Court is a motion for summary judgment (Doc. 74); motion for discovery (Doc. 75); and motion to quash (Doc. 76), filed by *pro se* prisoner-Plaintiff James E. Nottingham ("Nottingham"). This is a *pro se* civil rights action initiated by Nottingham, a prisoner incarcerated in the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), upon the filing of a complaint pursuant to 42 U.S.C. § 1983 on April 5, 2019, seeking relief for alleged excessive force used by Defendants in effectuating his arrest. (Doc. 1). On July 6, 2020, the Court dismissed Nottingham's claims and closed this matter. (Doc. 48, Doc. 49). On April 9, 2021, the United States Court of Appeals for the Third Circuit dismissed Nottingham's notice of appeal for lack of appellate jurisdiction. (Doc. 59). For the following reasons, Nottingham's motions shall be denied. (Doc. 74; Doc. 75; Doc. 76).

I.    **BACKGROUND AND PROCEDURAL HISTORY**

Nottingham filed his complaint on April 5, 2019, asserting, what the Court interpreted to be, Fourteenth Amendment due process and Fourth Amendment excessive force claims.[1]

---

[1] In Nottingham's complaint, he names Defendants Laurel Harry, Nancy Butts, Richard A. Gray, Matthew Welickovitch, Dance Drier, Jason Cooley, Blake Brown, William Jones, Janet Smith, Stephanie Smith, Brandon Renner, Thomas Markley, Michael Simpler, Timothy Reitz, and Mary Kilgus (collectively, "Defendants"). (Doc. 1).

(Doc. 1; Doc. 22, at 9). Nottingham's claims arose from his arrest after he became involved in a physical altercation with two of his houseguests on July 12, 2015. (Doc. 1, at 4-9, 11-18). On October 3, 2019, the Court dismissed all of Nottingham's claims except for those asserted against Defendants Cooley and Brown for excessive force. (Doc. 22, at 24; Doc. 28, at 2). On July 6, 2020, the Court granted Defendants' motion to dismiss and closed this case, finding that Nottingham's claims were barred under Pennsylvania's two-year statute of limitations in § 1983 actions. (Doc. 48, at 5-6; Doc. 49). On September 28, 2020, Nottingham filed an appeal to the Third Circuit, which was denied on April 9, 2021, for lack of appellate jurisdiction as Nottingham's appeal was untimely. (Doc. 55; Doc. 59).

On April 19, 2021, Nottingham filed a motion to reopen the time for filing an appeal or grant him an extension of time to file an appeal, explaining that his limited access to the prison library and legal books during the COVID-19 pandemic and resulting lock-down preventing him from filing a timely appeal. (Doc. 60, at 1). On August 30, 2021, the Court denied the motion to reopen as untimely, finding that (1) Nottingham filed the motion well beyond the 180-day outer limit imposed by Federal Rule of Appellate Procedure 4(a)(6) for filing a motion to reopen; (2) Nottingham requested an extension of time to file an appeal well beyond the 30-day outer limit imposed by Federal Rule of Appellate Procedure 4(a); and (3) even if Nottingham had timely filed his motion for extension of time, he failed to demonstrate "excusable neglect" or "good cause." (Doc. 63, at 4-5). Subsequently, Nottingham filed a motion to strike, a petition to open default judgment, a Rule 60 motion, a petition to strike Defendants' default judgment, and a motion to strike default judgment. (Doc. 65; Doc. 66; Doc. 67; Doc. 68; Doc. 69). On May 6, 2022, the Court denied Nottingham's motions and requests for relief because (1) the Court may not strike a motion

to dismiss under Rule 12(f); and (2) Nottingham has not obtained authorization to file a second or successive § 2254 petition. (Doc. 71; Doc. 72).

On June 24, 2022, Nottingham filed the motion for summary judgment, motion for discovery, and motion to quash, as well as a brief in support. (Doc. 74; Doc. 75; Doc. 76).

II.   **DISCUSSION**

Nottingham has filed multiple pleadings that request relief from judgment that the Court will now address simultaneously. First, Nottingham filed a "motion for summary judgment for false claims" under Rule 56. arguing that Defendants' December 19, 2019, motion to dismiss and accompanying brief in support (Doc. 37; Doc. 38), constitute as acts of bad faith and fraud upon the Court. (Doc. 74, at 1). Second, Nottingham filed a motion for discovery, requesting to conduct discovery "for the defendants['] act of bad faith in submitting false and fraudulent material evidence without evidence to support their claims as pleaded in document[s] 37, and 38." (Doc. 75, at 1). Third, Nottingham filed a motion to quash Defendants' motion to dismiss and brief in support (Doc. 37; Doc. 38), arguing that such pleadings were submitted in bad faith in violation of Rule 11 of the Federal Rules of Civil Procedure. (Doc. 76, at 1). As the Court has dismissed this action with prejudice because Nottingham's claims are barred by Pennsylvania's statute of limitation, Defendants have not responded to these motions.

Construing Nottingham's pleadings liberally, it appears that Nottingham is seeking reconsideration of the Court's dismissal of this action by granting Defendants' motion to dismiss. (Doc. 48; Doc. 49). Specifically, in the motion for summary judgment, Nottingham states:

> The state troopers Jason Cooley and Blake Brown w[ere] not acting in their official capacity as stated in documents 37 and 38, and therefor[e] there is no

genuine issues for trial. Jurors of reasonable minds could agree that the verdict would have differed if these facts had been presented to the fact-finder.

(Doc. 74, at 1).

In addition, Nottingham moves for discovery "for the defendants['] act of bad faith in submitting false and fraudulent material evidence without evidence to support their claims as pleaded in document[s] 37, and 38." (Doc. 75, at 1).

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); *see also Baker v. Astrue*, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). Mere disagreement with the court, however, does not translate into a clear error of law or fact. *Petruzzi's, Inc. v. Darling–Delaware Co., Inc.,* 983 F. Supp. 595, 611 (M.D. Pa. 1996). "A motion for reconsideration is not a tool to relitigate and reargue issues which have already been considered and disposed of by the court." *Petruzzi's, Inc.*, 983 F. Supp. at 611. "Nor is it to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment." *Waye v. First Citizen's Nat'l Bank,* 846 F. Supp. 310, 314 (M.D.Pa.1994), *aff'd,* 31 F.3d 1175 (3d Cir. 1994). In the interest of finality, courts should grant motions for reconsideration sparingly. *Rottmund v. Continental Assurance Co.,* 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

Here, the Court granted the motion to dismiss filed Defendants Cooley and Brown because Nottingham's claims are barred by the Pennsylvania two-year statute of limitations in § 1983 actions. (Doc. 48, at 5-6); *see* 42 Pa. C.S.A. § 5524; *Owens v. Okure*, 488 U.S. 235, 250 (1989). Specifically, the Court explained that because all of Nottingham's alleged injuries were inflicted on July 13, 2015, and Nottingham filed the initial complaint arising from those injuries on April 5, 2019, his claims are barred under Pennsylvania's statute of limitations. (Doc. 48, at 5-6). The Court rejected Nottingham's argument that the limitations period began on September 11, 2018, the date his appeal of his criminal charges was decided, because the limitations period began when Nottingham knew or had reason to know of the injury forming the basis of his complaint against Defendants. (Doc. 48, at 5 n.2) (citing *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998)). Accordingly, the Court granted Defendants Cooley and Brown's motion to dismiss (Doc. 37), denied as moot Nottingham's motion for summary judgment and motion for default judgment (Doc. 33; Doc. 39), and directed the Clerk of Court to close this matter. (Doc. 49, at 1). It is immaterial whether Defendants Cooley and Brown were acting in their official capacity because Nottingham's claims have been dismissed with prejudice as they are barred under Pennsylvania's statute of limitations.

Nottingham has not shown a reason to vacate the Memorandum and Order granting Defendants' motion to dismiss the complaint because it is barred under Pennsylvania's statute of limitations. (Doc. 48, at 5-6; Doc. 49). He has not shown an intervening change in controlling law, the availability of new evidence, or the need to correct clear error of law or prevent manifest injustice. *See Max's Seafood Cafe*, 176 F.3d at 677. The Court's order granting Defendants' motion to dismiss merely addressed the timeliness of Nottingham's claim, and Nottingham does not challenge that finding in his filings. Nottingham merely objects to a

statement in the brief in support of Defendants' motion to dismiss regarding whether Cooley and Brown were acting in their official capacities when effectuating Nottingham's arrest on July 20, 2020. (Doc. 77, at 1). Therefore, Nottingham has not shown that he is entitled to reconsideration of the Court's Order closing this case. *See Max's Seafood Cafe*, 176 F.3d at 677. Accordingly, Nottingham's motions shall be denied. (Doc. 75; Doc. 76).

Next, the Court liberally construes Nottingham's filings to be a motion for sanctions against Defendants pursuant to Rule 11 of the Federal Rules of Civil Procedure, Middle District Local Rule 7.3, and the Federal Civil Penalties Inflation Adjustment Act of 1990 ("FCPIAA"), 28 U.S.C. § 2461, on the grounds that the brief in support of Defendants' motion to dismiss was submitted in bad faith to present a false and fraudulent claim. (Doc. 75, at 1; Doc. 77, at 1); *see* 28 U.S.C. § 3729(G). Specifically, Nottingham alleges that Defendants knowingly made false and fraudulent statements with respect to Cooley and Brown acting in their official capacities when effectuating Nottingham's arrest. (Doc. 74, at 1; Doc. 77, at 1). Nottingham requests that Defendants be ordered to pay Nottingham's reasonable expenses and be held in contempt of court, or subjected to other sanctions, including a civil penalty under the FCPIAA. (Doc. 77, at 1).

Rule 11 of the Federal Rules of Civil Procedure states, in pertinent part:

**(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11.

If a party or its counsel violates this provision, the opposing party may move for the imposition of sanctions, which may include an order directing payment to the movant of "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c). The purpose of Rule 11 is to correct litigation abuse. *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987). "Fed.R.Civ.P.11 provides for the imposition of sanctions against counsel or parties acting *pro se* if the court finds that pleadings or other papers signed by the counsel or the party are 'frivolous, legally unreasonable or without factual foundation, even though . . . not filed in subjective bad faith.' " *See Flanagan v. Warden, U.S. Penitentiary*, 784 F. Supp. 178, 182 (M.D. Pa. 1992), *aff'd sub nom.*, *Flanagan v. Warden USP-Lewisburg*, 6 F.3d 779 (3d Cir. 1993) (citations omitted); *see also Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) ("This Court and others have interpreted [the] language [of Rule 11] to prescribe sanctions, including fees, only in the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous.") (citations omitted).

Further, "[t]he legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (citing *Business Guides v. Chromatic Commc'ns Enter., Inc.*, 498 U.S. 533, 546–47 (1991) ). Reasonableness in the context of Rule 11 is "an objective knowledge or belief at the time of the filing of the challenged paper that

the claim was well-grounded in law and fact." *Ford Motor Co.*, 930 F.2d at 289. "The wisdom of hindsight is to be avoided; the attorney's conduct must be judged by what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Schering Corp. v. Vitarine Pharm., Inc.*, 889 F.2d 490, 496 (3d Cir. 1989). Nonetheless, "the imposition of sanctions for a Rule 11 violation is discretionary rather than mandatory." *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 146 n.28 (3d Cir. 2009) (citation omitted); *see also Marlowe Patent Holdings v. Ford Motor Co.*, No. CIV.A. 11-7044, 2013 WL 6383122, at *2 (D.N.J. Dec. 5, 2013) ("[I]mposing sanctions is an extraordinary remedy to be exercised with restraint.").

Here, liberally construing Nottingham's pleadings, the allegedly false statement in Defendants' brief in support of their motion to dismiss seems to be the following: "The Defendants, acting in their capacity as Pennsylvania State Police Troopers, arrested the Plaintiff on July 12, 2015." (Doc. 38, at 2). In his complaint, Nottingham names Cooley and Brown as defendants in this case in their "official/individual capacities." (Doc. 1, ¶¶ 9-10). As noted *supra*, the Court granted Defendants' motion to dismiss and closed this action because Nottingham's claims are barred under Pennsylvania's two-year statute of limitations for § 1983 actions. (Doc. 48, at 5-6; Doc. 49, at 1). The Court rejects Nottingham's suggestion that Defendants were acting in bad faith or submitted a false or fraudulent statement. The fact that Nottingham disagrees with Defendants' statement in the brief in support of the motion to dismiss does not make those statements sanctionable. (Doc. 74, at 1; Doc. 75, at 1; Doc. 77, at 1); *see Camacho v. Dean,* No. 1:14-CV-01428, 2015 WL 4478755, at *7 (M.D. Pa. July 22, 2015) (denying prisoner's motion for sanctions where disagreement with statements did not make them sanctionable). Accordingly, the challenged conduct is not an "exceptional

circumstance" that merits the imposition of sanctions in this case, and the Court declines to impose sanction against Defendants. *See Doering*, 857 F.2d at 194.

III.   **CONCLUSION**

For the foregoing reasons, Nottingham's motion for summary judgment, motion for discovery, and motion to quash are **DENIED**.[2] (Doc. 74; Doc. 75; Doc. 76).

An appropriate Order follows.

Dated: August 17, 2022                  s/ *Karoline Mehalchick*
                                         **KAROLINE MEHALCHICK**
                                         **Chief United States Magistrate Judge**

---

[2] Nottingham has "established a pattern of groundless and vexatious litigation," as he continues to file repetitive motions even *after his case has been closed*. *Chipps v. United States Dist. Ct. for the Middle Dist. of Pa.,* 882 F.2d 72, 73 (3d Cir. 1989); (Doc. 49). As the Court has closed this action because Nottingham's claims are barred under Pennsylvania's two-year statute of limitations for § 1983 actions, Nottingham is directed to stop filing pleadings in this case.