## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JAMES E. NOTTINGHAM,

                    Plaintiff

   v.

JASON COOLEY, et al,

             Defendants.

CIVIL ACTION NO. 4:19-CV-00595

(MEHALCHICK, M.J.)

## MEMORANDUM

Before the Court is a motion for judgment on the pleadings and a motion to strike default judgment filed by *pro se* prisoner-Plaintiff James E. Nottingham ("Nottingham"). (Doc. 83; Doc. 84). This is a *pro se* civil rights action initiated by Nottingham, a prisoner incarcerated in the State Correctional Institute at Camp Hill ("SCI-Camp Hill"), upon the filing of a complaint pursuant to 42 U.S.C. § 1983 on April 5, 2019, seeking relief for alleged excessive force used by Defendants in effectuating his arrest. (Doc. 1). On July 6, 2020, the Court dismissed Nottingham's claims and closed this matter. (Doc. 48, Doc. 49). On April 9, 2021, the United States Court of Appeals for the Third Circuit dismissed Nottingham's notice of appeal for lack of appellate jurisdiction. (Doc. 59). The parties have consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 44). For the following reasons, Nottingham's motions shall be denied. (Doc. 83; Doc. 84).

I.    **BACKGROUND AND PROCEDURAL HISTORY**

Nottingham filed his complaint on April 5, 2019, asserting, what the Court interpreted to be, Fourteenth Amendment due process and Fourth Amendment excessive force claims. (Doc. 1; Doc. 22, at 9). Nottingham's claims arose from his arrest after he became involved

in a physical altercation with two of his houseguests on July 12, 2015. (Doc. 1, at 4-9, 11-18). On August 12, 2019, Magistrate Judge Arbuckle conducted a statutorily-mandating screening of the original complaint and recommended that all of Nottingham's claims be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), except for those asserted against Defendants Cooley and Brown for excessive force. (Doc. 22). On August 22, 2019, Nottingham submitted a self-styled motion to amend his complaint, which was followed up on September 9, 2019, with a supplement to his motion to amend, in which Nottingham moves the Court for leave to make a habeas corpus petition under 28 U.S.C. § 2254. (Doc. 23, ¶ 2; Doc. 24). Nottingham appeared to argue, in part, that his Pennsylvania state court conviction should be overturned because the Pennsylvania authorities never properly served him with process. (Doc. 23, ¶ 6). On October 3, 2019, the Court adopted Judge Arbuckle's recommendation in full and dismissed Nottingham's motion to amend, explaining that Nottingham has already made one application for habeas corpus relief before this Court under 28 U.S.C. § 2254 and has not petitioned the United States Court of Appeals for the Third Circuit for the perquisite authorizing order as set forth in 28 U.S.C. § 2244. (Doc. 28).

On December 19, 2019, Defendants filed a motion to dismiss. (Doc. 37). On February 27, 2020, the parties have consented to proceed before the undersigned United States Magistrate Judge. (Doc. 44). On July 6, 2020, the undersigned granted Defendants' motion to dismiss and closed this case, finding that Nottingham's claims were barred under Pennsylvania's two-year statute of limitations in § 1983 actions. (Doc. 48, at 5-6; Doc. 49). On September 28, 2020, Nottingham filed an appeal to the Third Circuit, which was denied on April 9, 2021, for lack of appellate jurisdiction as Nottingham's appeal was untimely. (Doc. 55; Doc. 59).

On April 19, 2021, Nottingham filed a motion to reopen the time for filing an appeal or grant him an extension of time to file an appeal, explaining that his limited access to the prison library and legal books during the COVID-19 pandemic and resulting lock-down preventing him from filing a timely appeal. (Doc. 60, at 1). On August 30, 2021, the Court denied the motion to reopen as untimely, finding that (1) Nottingham filed the motion well beyond the 180-day outer limit imposed by Federal Rule of Appellate Procedure 4(a)(6) for filing a motion to reopen; (2) Nottingham requested an extension of time to file an appeal well beyond the 30-day outer limit imposed by Federal Rule of Appellate Procedure 4(a); and (3) even if Nottingham had timely filed his motion for extension of time, he failed to demonstrate "excusable neglect" or "good cause." (Doc. 63, at 4-5). Subsequently, Nottingham filed a motion to strike, a petition to open default judgment, a Rule 60 motion, a petition to strike Defendants' default judgment, and a motion to strike default judgment. (Doc. 65; Doc. 66; Doc. 67; Doc. 68; Doc. 69). On May 6, 2022, the Court denied Nottingham's motions and requests for relief because (1) the Court may not strike a motion to dismiss under Rule 12(f); and (2) Nottingham has not obtained authorization to file a second or successive § 2254 petition. (Doc. 71; Doc. 72).

On June 24, 2022, Nottingham a motion for summary judgment, motion for discovery, and motion to quash. (Doc. 74; Doc. 75; Doc. 76). On August 17, 2022, the Court denied Nottingham's motions, finding that he has not shown that he is entitled to reconsideration of the Court's Order closing this case and that Defendants' challenged conduct is not an "exceptional circumstance" that merits the imposition of sanctions in this case. (Doc. 78; Doc. 79). Finally, the Court directed Nottingham to stop filing pleadings in this case as this

case has been closed. (Doc. 78, at 9 n.2). Despite the Court's instruction, Nottingham filed the instant motion for judgment on the pleadings on November 3, 2022. (Doc. 83).

II.   **DISCUSSION**

Construing Nottingham's motion for judgment on the pleadings liberally and motion to strike default judgment, it appears that Nottingham is seeking reconsideration of the Court's dismissal of Nottingham's requests from relief from judgment. (Doc. 28, at 2-3; Doc. 71, at 4-5; Doc. 83; Doc. 84). In the motion for judgment on the pleadings, Nottingham asserts that "[t]he privilege of the writ of habeas corpus shall not be suspended," and that a writ of habeas corpus should be granted as a matter of right where Defendants "acts of fraud were errors and neglect for evil purposes, that has resulted in his unlawful confinement, and that he remains deprived of his freedom that is contrary to law." (Doc. 83, ¶¶ 1, 5). In addition, Nottingham contends allegedly probative evidence "was withheld in acts of bad faith, with evil intent, to convict one innocent of the crimes, as alleged even though the plaintiff was convicted by a jury." (Doc. 83, ¶ 7). Nottingham claims the jurors were "tainted" because the witness state troopers, Jason Cooley and William Jones, were present in the courtroom throughout the trial and "knew exactly what needed to be said in their rebuttal testimony," which "contaminated the entire proceedings and should also be considered an act of bad faith by the state that weighs in favor of the grant of this writ of habeas corpus." (Doc. 83, ¶ 7). In the motion to set aside default judgment, Nottingham maintains that there is new evidence that is inconsistent with Defendant Jonathan Blake's answer filed on December 19, 2019, as follows:

> On the 3rd day of April, in the year of 2023, a Post Conviction Relief Act Status Conference Hearing was held on this day and was the fourth hearing wherein the Commonwealth has failed entirely to produce any evidence since the 19th day of April in the year of 2022, relevant in support of Jonathan Blake in his

answer where he has stated that the officers were acting in their official capacity cannot be supported by the record in part or by whole.

(Doc. 84, at 1).

Nottingham contends "that a false claim was presented against him by the defendants in acts of bad faith that the defendants answer shall be stricken from the record and that habeas relief shall be granted in his favor." (Doc. 84, at 3).

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); *see also Baker v. Astrue*, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). Mere disagreement with the court, however, does not translate into a clear error of law or fact. *Petruzzi's, Inc. v. Darling–Delaware Co., Inc.,* 983 F. Supp. 595, 611 (M.D. Pa. 1996). "A motion for reconsideration is not a tool to relitigate and reargue issues which have already been considered and disposed of by the court." *Petruzzi's, Inc.*, 983 F. Supp. at 611. "Nor is it to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment." *Waye v. First Citizen's Nat'l Bank,* 846 F. Supp. 310, 314 (M.D.Pa.1994), *aff'd,* 31 F.3d 1175 (3d Cir. 1994). In the interest of finality, courts should grant motions for reconsideration sparingly. *Rottmund v. Continental Assurance Co.,* 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

Here, construing Nottingham's pleading liberally, it appears that the motions do not challenge the Court's dismissal of this action. Instead, Nottingham appears to argue, in part, that his Pennsylvania state court conviction should be overturned for Defendants' acts of bad faith and wrongdoing. (Doc. 83; Doc. 84). In addressing Nottingham's requests for relief from confinement, the Court explained that Title 28 U.S.C. § 2244 provides that before a petitioner seeking habeas corpus relief from a state court judgment under 28 U.S.C. § 2254 for a second time files their "second or successive application," they must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." (Doc. 28, at 3; Doc. 71, at 4); *see* 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 664 (2001). The Court dismissed Nottingham's requests from relief from judgment because Nottingham has already made one application for habeas corpus relief in this Circuit under 28 U.S.C. § 2254, which was denied. (Doc. 28, at 3; Doc. 71, at 4); *see Nottingham v. Gray*, No. 4:18-CV-02002 (M.D. Pa. Oct. 16, 2018), ECF No. 1. The Court explained that a review of the Third Circuit filing records reveals no pending 28 U.S.C. § 2244(b)(3) motions for leave to file a second or successive § 2254 petition, nor has the Third Circuit previously granted any such motion filed by Nottingham. (Doc. 28, at 3; Doc. 71, at 4-5). Therefore, the Court dismissed Nottingham's requests from relief from judgment. (Doc. 28, at 3; Doc. 71, at 5).

Furthermore, the Court finds that Nottingham has not shown a reason to vacate the Memorandum and Order dismissing his request for relief from judgment and dismissing the complaint as time-barred. (Doc. 48, at 5-6; Doc. 71, at 4-5). The complaint in the present action was filed pursuant to 42 U.S.C. § 1983. (Doc. 1). The Court dismissed the complaint with prejudice on July 6, 2020, finding that Nottingham's claims were barred under Pennsylvania's statute of limitations. (Doc. 48, at 5-6; Doc. 49). Nottingham has not shown

an intervening change in controlling law, the availability of new evidence, or the need to correct clear error of law or prevent manifest injustice. *See Max's Seafood Cafe*, 176 F.3d at 677. The Court's Order granting Defendants' motion to dismiss merely addressed the timeliness of Nottingham's claim, and Nottingham does not challenge that finding in his pleading. If Nottingham seeks habeas corpus relief from the state court conviction for a second time, he must first make an application for such relief in the Third Circuit for an order authoring this Court to consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). The Court may not address Nottingham's request for relief from judgment in the present 42 U.S.C. § 1983 action. Nottingham has not shown that he is entitled to reconsideration of the Court's Orders closing this case. *See Max's Seafood Cafe*, 176 F.3d at 677.

Accordingly, Nottingham's motion for judgment on the pleadings and motion to strike default judgment are **DENIED**.

III.   CONCLUSION

For the foregoing reasons, Nottingham's motion for judgment on the pleadings and motion to strike default judgment are **DENIED**.[1] (Doc. 83; Doc. 84).

An appropriate Order follows.

Dated: May 15, 2023                          s/ Karoline Mehalchick

                                             **KAROLINE MEHALCHICK**
                                             **Chief United States Magistrate Judge**

---

[1] Nottingham has "established a pattern of groundless and vexatious litigation," as he continues to file repetitive motions even *after his case has been closed*. *Chipps v. United States Dist. Ct. for the Middle Dist. of Pa.,* 882 F.2d 72, 73 (3d Cir. 1989); (Doc. 49). As the Court has closed this action because Nottingham's claims are barred under Pennsylvania's two-year statute of limitations for § 1983 actions, Nottingham is once again directed to stop filing pleadings in this case.