**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES E. NOTTINGHAM,<br><br>Plaintiff<br>v.<br><br>JASON COOLEY, et al,<br><br>Defendants. | CIVIL ACTION NO. 4:19-CV-00595<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

*Pro se* prisoner-Plaintiff James E. Nottingham ("Nottingham") moves this Court for default judgment pursuant to Federal Rule of Civil Procedure 60(b). (Doc. 93). Nottingham, a prisoner incarcerated in the State Correctional Institute at Camp Hill ("SCI-Camp Hill"), initiated this action upon the filing of a complaint pursuant to 42 U.S.C. § 1983 on April 5, 2019, seeking relief for alleged excessive force used by Defendants in effectuating his arrest. (Doc. 1). On July 6, 2020, the Court dismissed Nottingham's claims and closed this matter. (Doc. 48, Doc. 49). On April 9, 2021, the United States Court of Appeals for the Third Circuit dismissed Nottingham's notice of appeal for lack of appellate jurisdiction. (Doc. 59). The parties have consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 44). For the following reasons, Nottingham's Rule 60(b) motion shall be denied. (Doc. 93).

## I. BACKGROUND AND PROCEDURAL HISTORY

In his complaint, Nottingham asserted Fourteenth Amendment due process and Fourth Amendment excessive force claims. (Doc. 1; Doc. 22, at 9). Nottingham's claims arose from his arrest after he became involved in a physical altercation with two of his houseguests on July 12, 2015. (Doc. 1, at 4-9, 11-18). On August 12, 2019, the Court

conducted a statutorily-mandating screening of the original complaint and recommended that all of Nottingham's claims be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), except for those asserted against Defendants Cooley and Brown for excessive force. (Doc. 22). On August 22, 2019, Nottingham submitted a self-styled motion to amend his complaint, which was followed with a supplement to his motion to amend, in which Nottingham moved the Court for leave to file a habeas corpus petition under 28 U.S.C. § 2254. (Doc. 23, ¶ 2; Doc. 24). Nottingham appeared to argue, in part, that his Pennsylvania state court conviction should be overturned because the Pennsylvania authorities never properly served him with process. (Doc. 23, ¶ 6). On October 3, 2019, the Court dismissed Nottingham's motion to amend, explaining that Nottingham has already made one application for habeas corpus relief before this Court under 28 U.S.C. § 2254 and has not petitioned the United States Court of Appeals for the Third Circuit for the perquisite authorizing order as set forth in 28 U.S.C. § 2244. (Doc. 28).

On December 19, 2019, Defendants filed a motion to dismiss. (Doc. 37). On February 27, 2020, the parties have consented to proceed before the undersigned United States Magistrate Judge. (Doc. 44). On July 6, 2020, the undersigned granted Defendants' motion to dismiss and closed this case, finding that Nottingham's claims were barred under Pennsylvania's two-year statute of limitations in § 1983 actions. (Doc. 48, at 5-6; Doc. 49). On September 28, 2020, Nottingham filed an appeal to the Third Circuit, which was denied on April 9, 2021, for lack of appellate jurisdiction as Nottingham's appeal was untimely. (Doc. 55; Doc. 59).

On April 19, 2021, Nottingham filed a motion to reopen the time for filing an appeal or grant him an extension of time to file an appeal, explaining that his limited access to the

prison library and legal books during the COVID-19 pandemic and resulting lock-down prevented him from filing a timely appeal. (Doc. 60, at 1). On August 30, 2021, the Court denied the motion to reopen as untimely, finding that (1) Nottingham filed the motion well beyond the 180-day outer limit imposed by Federal Rule of Appellate Procedure 4(a)(6) for filing a motion to reopen; (2) Nottingham requested an extension of time to file an appeal well beyond the 30-day outer limit imposed by Federal Rule of Appellate Procedure 4(a); and (3) even if Nottingham had timely filed his motion for extension of time, he failed to demonstrate "excusable neglect" or "good cause." (Doc. 63, at 4-5). Subsequently, Nottingham filed a motion to strike, a petition to open default judgment, a Rule 60 motion, a petition to strike Defendants' default judgment, and a motion to strike default judgment. (Doc. 65; Doc. 66; Doc. 67; Doc. 68; Doc. 69). On May 6, 2022, the Court denied Nottingham's motions and requests for relief because (1) the Court may not strike a motion to dismiss under Rule 12(f); and (2) Nottingham has not obtained authorization to file a second or successive § 2254 petition. (Doc. 71; Doc. 72).

On June 24, 2022, Nottingham a motion for summary judgment, motion for discovery, and motion to quash. (Doc. 74; Doc. 75; Doc. 76). On August 17, 2022, the Court denied Nottingham's motions, finding that he had not shown that he is entitled to reconsideration of the Court's Order closing this case and that Defendants' challenged conduct is not an "exceptional circumstance" that merits the imposition of sanctions in this case. (Doc. 78; Doc. 79). The Court directed Nottingham to stop filing pleadings in this case as this case has been closed. (Doc. 78, at 9 n.2). Despite the Court's instruction, Nottingham filed a motion for judgment on the pleadings and a motion to strike on November 3, 2022. (Doc. 83; Doc. 84). On May 15, 2023, the Court denied Nottingham's motion, finding that he had not

demonstrated that he is entitled to reconsideration of the Court's Order closing this case. (Doc. 87, at 7; Doc. 88). Again, the Court directed Nottingham to stop filing pleadings in this case as this case has been closed. (Doc. 87, at 7 n.7). Subsequently, Nottingham filed the instant motion and supplemental documents. (Doc. 91; Doc. 92; Doc. 93).

## II. LEGAL STANDARD

A motion filed pursuant to Federal Rule of Civil Procedure Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Pursuant to Rule 60(b)(2), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" "for [ ] newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Pursuant to Rule 60(b)(3), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" "for fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Finally, pursuant to the catch-all provision of Rule 60(b)(6), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding," "for any other reason that justifies relief." A court may grant a Rule 60(b) motion only in extraordinary circumstances, and in such a motion it is not appropriate to reargue issues that the court has already considered and decided. *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987); *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

A "movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535. "It is available where the party seeking relief demonstrates that 'extreme' and 'unexpected'

hardship will result absent such relief." *Jackson v. Danberg*, 656 F.3d 157, 165-66 (3d Cir. 2011) (citing *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)). The movant bears a heavy burden of proof that extraordinary circumstances are present. *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir.1991). A Rule 60(b) motion may not be used as a "second bite at the apple." *See Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). It "is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Jones v. Shannon*, No. 3:05-CV-2255, 2013 WL 6021956, at *7 (M.D. Pa. Nov. 13, 2013) (citation omitted).

## III. DISCUSSION

### A. REQUEST FOR RELIEF FROM JUDGMENT

Nottingham filed a motion for relief from judgment pursuant to Rule 60(b). (Doc. 93). In support of his request, Nottingham filed supplemental documents titled: "Plaintiff Supplemental Record for Summary Judgment Pursuant to Federal Rule of Civil Procedure Rule 60(b) Fraud, Misrepresentation, the Judgment is Void" and "Plaintiff Brief in Support of Supplemental Record for Summary Judgment." (Doc. 91; Doc. 92). Nottingham also attaches a docket report from a criminal matter before the Court of Common Pleas of Lycoming County: *Commonwealth v. Nottingham*, No. CP-41-CR0001190-2015 (Lycoming Cnty. Ct. Com. Pl.) and a two-page police criminal complaint against Nottingham dated July 15, 2015, regarding alleged criminal violations in July 2015. (Doc. 91-1, at 2-4). Nottingham also attaches a receipt acknowledgment, dated May 4, 2023, and a response to a Right to Know request, dated June 5, 2023, in which the Attorney General's Office, in response to Nottingham's request for documents related to docket numbers CP-41-CR-0001190 and CP-41-CR-0001870, states that no records were found and that Nottingham's request was

misdirected.[1] (Doc. 92-1, at 1-3, 5-6). Additionally, Nottingham attached a letter from the Office of the District Court Administrator of Lycoming County dated May 10, 2023, denying Nottingham's Right to Know request directed to Lycoming County Adult Probation, requesting "[a]ll files and records of James E. Nottingham, [p]robation periods from start date to finish date to include all violations and evaluations during Probation." (Doc. 92-1, at 4).

Nottingham's filings do not challenge the Court's dismissal of this action. Instead, Nottingham appears to argue, in part, that his Pennsylvania state court convictions should be overturned for fraud and in light of newly discovered evidence. (Doc. 93, at 1-4). Title 28 U.S.C. § 2244 provides that before a petitioner seeking habeas corpus relief from a state court judgment under 28 U.S.C. § 2254 for a second time files their "second or successive application," they must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See Tyler v. Cain*, 533 U.S. 656 (2001). Here, Nottingham has already made one application for habeas corpus relief in this Circuit under 28 U.S.C. § 2254, which was denied. *See Nottingham v. Gray*, No. 4:18-CV-02002

[1] In his Right to Know request, Nottingham appears to request documents pertaining to two criminal matters before the Court of Common Pleas of Lycoming County: *Commonwealth v. Nottingham*, No. CP-41-CR-0001190-2015 (Lycoming Cnty. Ct. Com. Pl.) and *Commonwealth v. Nottingham*, No. CP-41-CR-001870-2017 (Lycoming Cnty. Ct. Com. Pl.); *see* (Doc. 92-1, at 1, 5). Nottingham also attaches a document dated June 5, 2023 and directed to the Attorney General's Office titled: "Right to Know Law Appeal Pursuant to 65 P.S. § 76.503." (Doc. 92-1, at 8-9). In this document, Nottingham references *Commonwealth v. Nottingham*, No. CP-41-CR-0001190-2015 (Lycoming Cnty. Ct. Com. Pl.) and *Commonwealth v. Nottingham*, No. MJ-29303-CR-0000191-2015 (M.D.J. 29-3-03) and appears to allege that he challenged the merits of these decisions via an unsuccessful civil rights action and an unsuccessful habeas petition. (Doc. 92-1, at 8); *See Nottingham v. PA Attorney General*, M.D. Pa. No. 4:18-cv-02002; *Nottingham v. Harry, et al.*, M.D. Pa. No. 4:19-cv-00595. Nottingham appears to assert that these actions "should have determined the existence of the evidence, files, and record of the (8)eight line items as requested" under his current request. (Doc. 92-1, at 8). Nottingham further states that "[t]his appeal is notice of the problem that requires an imminent solution to an illegal confinement where I am being held hostage against my will for crimes I never committed . . . ." (Doc. 92-1, at 9).

(M.D. Pa. filed Oct. 16, 2018). A review of the United States Court of Appeals for the Third Circuit filing records reveals no pending 28 U.S.C. § 2244(b)(3) motions for leave to file a second or successive § 2254 petition, nor has the Third Circuit previously granted any such motion filed by Nottingham. (Doc. 28, at 3; Doc. 71, at 4-5; Doc. 87, at 6). Because Nottingham has not obtained authorization to file a second or successive § 2254 petition, Nottingham's Rule 60(b) is **DENIED**.[2]

## IV. CONCLUSION

For the foregoing reasons, Nottingham's Rule 60(b) motion is **DENIED**.[3] (Doc. 93).

An appropriate Order follows.

**Dated: December 13, 2023**

s/ Karoline Mehalchick
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**

[2] If Nottingham seeks habeas corpus relief from the state court conviction for a second time, he must first make an application for such relief in the Third Circuit for an order authorizing this Court to consider his application. *See* 28 U.S.C. § 2244(b)(3)(A).

[3] Nottingham has "established a pattern of groundless and vexatious litigation," as he continues to file repetitive motions even *after his case has been closed*. *Chipps v. United States Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989); (Doc. 49). As the Court has closed this action because Nottingham's claims are barred under Pennsylvania's two-year statute of limitations for § 1983 actions, Nottingham is once again directed to stop filing pleadings in this case.