**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES E. NOTTINGHAM, | |
| Plaintiff | CIVIL ACTION NO. 4:19-CV-00595 |
| v. | (MEHALCHICK, J.) |
| JASON COOLEY, et al, | |
| Defendants. | |

**ORDER**

Before the Court is *pro se* prisoner Plaintiff James E. Nottingham's ("Nottingham") application for writ of mandamus (Doc. 108) and brief in support. (Doc. 109). Nottingham, a prisoner incarcerated at the State Correctional Institute at Camp Hill, initiated this action on April 5, 2019, by filing of a complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). In his complaint, Nottingham sought relief for alleged excessive force used by Defendants in effectuating his arrest on July 13, 2015. (Doc. 1). On July 6, 2020, the Court dismissed Nottingham's claims as time barred and closed this matter. (Doc. 48, Doc. 49). On April 9, 2021, the United States Court of Appeals for the Third Circuit dismissed Nottingham's notice of appeal for lack of appellate jurisdiction. (Doc. 59). Subsequently, Nottingham filed numerous frivolous and repetitive motions and supporting documents attempting to challenge the Court's dismissal of his claims and his detention pursuant to his Pennsylvania state court conviction. (Doc. 65; Doc. 66; Doc. 67; Doc. 68; Doc. 69; Doc. 73; Doc. 74; Doc. 75; Doc. 76; Doc. 80; Doc. 83; Doc. 84; Doc. 85; Doc. 90; Doc. 91; Doc. 93; Doc. 95; Doc. 98; Doc. 99; Doc. 100; Doc. 103; Doc. 105; Doc. 106). The Court has directed Nottingham several times to stop filing pleadings in this case as this case has been closed. (Doc. 78, at 9 n.2). Despite the Court's instructions,

on March 23, 2026, Nottingham filed an application for writ of mandamus and a brief in support. (Doc. 108; Doc. 109).

Nottingham's application for a writ of mandamus provides that he mailed a certified check with a form for his criminal history record information to the Pennsylvania State Police central repository, but he has not received a response. (Doc. 108, at 1). Nottingham requests that the Court issue a writ of mandamus upon Lycoming County to hold a *Gerstein* hearing and produce Nottingham's true criminal history record. (Doc. 109, at 1). Nottingham contends that there was no probable cause for his July 13, 2015 arrest, Lycoming County is fraudulently concealing his criminal history records, his counsel in the underlying criminal matter was ineffective for failing to request such criminal history records, and that his criminal conviction must be vacated for being invalid. (Doc. 109, at 1).

28 U.S.C. § 1361 provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. State officials and municipalities are not considered officers or employees of the United States under 28 U.S.C. § 1361. *See Semper v. Gomez*, 747 F.3d 229, 250 (3d Cir. 2014); *Mendez v. Plaskett*, 764 F. App'x 201, 202 (3d Cir. 2019); *Harman v. Datte*, 427 F. App'x 240, 243 (3d Cir. 2011) (per curiam); *McFadden v. City of Philadelphia*, No. 18-CV-1320, 2018 WL 2370695, at *5 (E.D. Pa. 2018). A writ of mandamus pursuant to § 1361 "is only available if the plaintiff 'has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Lauersen v. Durling*, 187 F. App'x 250, 251 (3d Cir. 2006) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). Further, "[m]andamus, with its 'exceedingly narrow' scope of review, is not a substitute for appeal." *In re Codner*, 643 F. App'x 214, 218 (3d Cir. 2016).

The Court does not have jurisdiction to issue a writ of mandamus upon Lycoming County or the Pennsylvania State Police because local municipalities and state agencies are not officers, employees, or agents of the United States. 28 U.S.C. § 1361; *see Semper*, 747 F.3d at 250; *see Mendez*, 764 F. App'x at 202; *see Harman*, 427 F. App'x at 243; *see McFadden*, 2018 WL 2370695, at *5. A writ of mandamus is also inappropriate because Nottingham provides no reason to believe that a writ of mandamus is the only avenue available to obtain his criminal history records. *See Lauersen*, 187 F. App'x at 251. Nottingham also inappropriately seeks to relitigate issues already resolved by the Court with his application for writ of mandamus. *See In re Codner*, 643 F. App'x at 218. Nottingham fails to show that the extreme remedy of a writ of mandamus is appropriate to obtain his criminal history records. Accordingly, Nottingham's application for writ of mandamus (Doc. 108) is **DENIED**.

To the extent that Nottingham seeks reconsideration of the Court's dismissal of his claims as time barred, a motion for reconsideration is a device of limited utility which may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence. *Harasco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). To prevail, a party seeking reconsideration must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not [previously] available . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere disagreement with the court, however, does not translate into a clear error of law or fact. *Petruzzi's, Inc. v. Darling–Delaware Co., Inc.,* 983 F. Supp. 595, 611 (M.D. Pa. 1996). "A motion for reconsideration is not a tool to relitigate and reargue issues which have already been considered and disposed of by the court." *Petruzzi's, Inc.*, 983 F. Supp. at 611. "Nor is it

to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment." *Waye v. First Citizen's Nat'l Bank,* 846 F. Supp. 310, 314 (M.D.Pa.1994), *aff'd,* 31 F.3d 1175 (3d Cir. 1994). In the interest of finality, courts should grant motions for reconsideration sparingly. *Rottmund v. Continental Assurance Co.,* 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

As the Court has already explained in previous Orders, Nottingham has not shown a reason to vacate the Memorandum and Order dismissing the complaint as time barred. (Doc. 48, at 5-6; Doc. 78, at 3-6; Doc. 87, at 6-7). The complaint in the present action was filed on April 5, 2019 pursuant to 42 U.S.C. § 1983. (Doc. 1). Federal courts apply the state personal injury statute of limitations in § 1983 actions. *See Owens v. Okure,* 488 U.S. 235, 250 (1989); *see Wilson v. Garcia,* 471 U.S. 261, 276-80 (1985). Pennsylvania's statute of limitations for personal injury actions is two years. 42 Pa. C.S § 5524. On July 6, 2020, The Court dismissed the complaint with prejudice, finding that Nottingham failed to file this action based on his July 13, 2015 arrest within applicable two year statute of limitations. (Doc. 48, at 5-6; Doc. 49); *see* 42 Pa. C.S. § 5524. Nottingham has not shown an intervening change in controlling law, the availability of new evidence, or the need to correct clear error of law or prevent manifest injustice. Nor does Nottingham address the Court's substantive filings regarding the statute of limitations. Accordingly, reconsideration is not warranted. *See Max's Seafood Café,* 176 F.3d at 677*; see Harasco Corp.,* 779 F.2d at 909.

To the extent Nottingham seeks to relitigate his request for relief from confinement, the Court has already explained that a petitioner seeking habeas corpus relief from a state court judgment for a second time must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." (Doc. 28, at 3; Doc. 71, at 4;

Doc. 87, at 6-7; Doc. 94, at 2-3); *see* 28 U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2254; *see also Tyler v. Cain*, 533 U.S. 656, 664 (2001). The Court dismissed Nottingham's previous requests for reconsideration on the issue of confinement because Nottingham has already made one application for habeas corpus relief in this Circuit under 28 U.S.C. § 2254, which was denied. (Doc. 28, at 3; Doc. 71, at 4; Doc. 87, at 6-7; Doc. 94, at 2-3); *see Nottingham v. Gray*, No. 4:18-CV-02002 (M.D. Pa. Oct. 16, 2018), ECF No. 1. The Court explained that a review of the Third Circuit filing records reveals no pending 28 U.S.C. § 2244(b)(3) motions for leave to file a second or successive § 2254 petition, nor has the Third Circuit previously granted any such motion filed by Nottingham. (Doc. 28, at 3; Doc. 71, at 4-5). Therefore, the court is not authorized to consider Nottingham's requests for relief from confinement.

Moreover, because Nottingham continues to inundate the Court's docket after being informed on numerous occasions that this action is closed and his motions lack merit, the Court bars Nottingham from further filing of motions without the Court's leave. *See Chips v. United States Dist. Court for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989) ("a district court has authority to require court permission for all subsequent filings once a pattern of vexatious litigation transcends a particular dispute"); *see also Woltz v. Good*, 759 F. Supp. 3d 572, 579 (E.D. Pa. 2024) (quoting *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)) ("a district court may enjoin 'abusive, groundless, and vexatious litigation'"). Nottingham is advised that any filing attempting to invalidate the Court's dismissal of his claims or his detention pursuant to his Pennsylvania state court conviction by raising the same rote arguments will be stricken from the record. *See Chips*, 882 F.2d at 73 (instructing the Clerk of Court to not file any papers related to the plaintiff's dispute concerning student loans).

- 6 -

Nottingham is further advised that if he continues to file frivolous actions, the Court will be forced to impose more significant sanctions.

For the foregoing reasons, Nottingham's motion for writ of mandamus is **DENIED**. (Doc. 108). The Clerk of Court is directed to submit all future documents from Nottingham to the Court for review before docketing.

**Dated: July 29, 2026**                          s/ Karoline Mehalchick
                                            **KAROLINE MEHALCHICK**
                                            **Chief United States Magistrate Judge**